UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD LOESEL, ARTHUR
LOESEL,

           Plaintiffs,

                                    Case Number 08-11131-BC
v.                                       Honorable Thomas L. Ludington

CITY OF FRANKENMUTH,

           Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO REQUIRE JOINDER OF NECESSARY PLAINTIFFS OR FOR DISMISSAL IF JOINDER IS NOT FEASIBLE, DIRECTING PLAINTIFFS TO JOIN NECESSARY PARTIES, AND CANCELING HEARING

Now before the Court is Defendant City of Frankenmuth's motion to require joinder of necessary plaintiffs or for dismissal if joinder is not feasible [Dkt. # 25], filed on February 12, 2009. Defendants contend that the spouses of Plaintiffs Ronald and Arthur Loesel, and the trustee of a certain trust, who share interests in the property at issue with Plaintiffs, are necessary parties under Federal Rule of Civil Procedure 19, and must be joined in the action, or else the case should be dismissed. Plaintiffs filed a response [Dkt. # 28] on March 2, 2009, but Defendant did not file a reply. The Court has reviewed the motion and other filings of the parties and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

The Court previously detailed the facts of the case, *see* [Dkt. # 29], and will not repeat them

here at length. In short, Plaintiffs are owners of a tract of land on the outskirts of Frankenmuth. They entered into an option agreement with Wal-Mart for Wal-Mart to purchase the land for four-million dollars if it could build one of its stores on the land. Defendant learned of the contract, became concerned about the impact that a Wal-Mart and other similar stores would have on Defendant, and eventually adopted a zoning ordinance, which may have precluded Wal-Mart from building one of its stores on Plaintiffs' property. Wal-Mart abandoned its application to build a store on Plaintiffs' property and terminated the option contract with Plaintiffs.

Plaintiffs' complaint alleges claims against Defendant based on equal protection, due process, the Privilege and Immunities Clause of the Fourteenth Amendment, and the Commerce Clause. Plaintiffs seek both monetary damages and an order declaring that Defendant's zoning ordinance is unconstitutional. As a result of the Court's resolution of Defendant's motion for summary judgment, Plaintiffs now maintain only an equal protection claim. At the time that Defendant filed the motion now before the Court, the motion for summary judgment was pending. Recently filed motions for reconsideration by Plaintiffs and Defendant are now pending.

Additional facts relevant to the motion now before the Court include the following: Plaintiffs Ronald and Arthur Loesel are married to Gayle and Elaine Loesel, respectively. At the time that the option agreement with Wal-Mart was signed, Plaintiffs, along with their sister, Alice Nowak, owned the property at issue as tenants in common. Alice Nowak, who has since passed away, was married to Valerian Nowak. As a result of her passing, Alice Nowak's undivided interest in the property fell to a trust, with Valerian Nowak as the trustee. *See* Def. Br. Ex. 2, 3, 4, [Dkt. # 25-4, 25-5, 25-5]. Ronald and Gayle Loesel, Arthur and Elaine Loesel, and Alice and Valerian Nowak are signatories to the option agreement.

II

Whether a party is required to be joined in an action under Rule 19 depends on a three-step analysis. *See generally Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993). First, a court must "determine whether a person is necessary to the action and should be joined if possible" under Rule 19(a)(1). *Id.* at 1345. Rule 19(a)(1) provides:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If the court finds that the absent person falls within subsection (A) or (B), then the court proceeds to the second step of the analysis and considers the issues of personal jurisdiction and indispensability. *Keweenaw Bay*, 11 F.3d at 1345. "If personal jurisdiction is present, the party *shall* be joined. *Id.* (quoting *Local 670 v. Int'l Union, United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 822 F.2d 613, 618 (6th Cir. 1987)) (emphasis in original). Under Rule 19(a)(2), "the court must order that the person be made a party," and if the person refuses to join as a plaintiff, the person "may be made either a defendant or, in a proper case, an involuntary plaintiff." Generally, if a person can be brought within the jurisdiction of the court, but refuses to join as a plaintiff, the person should be served with process and joined as a defendant. A court may then

realign the party with the plaintiffs, based on their interests. *See, e.g.*, *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 71 (1941) (noting that federal courts have a "duty . . . to look beyond the pleadings, and arrange the parties according to their sides in the dispute") (internal quotations omitted). Involuntary plaintiff status is generally reserved for situations in which joinder as a defendant implicates jurisdictional issues. *See generally Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926).

In contrast, if "the party cannot properly be brought before the court . . . the court proceeds to the third step, which involves an analysis of the facts set forth in Rule 19(b) to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party." *Id.* at 1345-46. The Rule 19(b) factors are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

As a threshold issue, Defendant contends that the Rule 19 analysis in this case is limited to analysis of the requirements of subsection (a)(1), because there are no issues related to personal jurisdiction over Plaintiffs' spouses and the trust. Plaintiffs agree that the Court would have personal jurisdiction over the parties that Defendant contends are necessary. Thus, the Court's analysis is confined to the first step of the Rule 19 analysis.

Defendant argues that Alice Nowak, as a tenant in common with Plaintiffs and a signatory to the purchase agreement, should have been joined as a plaintiff.  Defendant contends that because Alice Nowak has recently passed away, Valerian Nowak, the trustee of the relevant trust, which retains the co-tenancy in the subject property, should be joined as a plaintiff, or else Plaintiffs' claim for monetary damages should be dismissed.  Defendant contends that disposition of the case without Valerian Nowak, in his capacity as trustee, would impair his ability to protect the trust's interest in the property as a tenant in common, and as a signatory to the purchase agreement.  *See* Rule 19(a)(1)(B)(i).  Defendant further contends that his absence could subject Defendant to a separate suit.  *See* Rule 19(a)(1)(B)(ii).[1]  Similarly, Defendants argue that the spouses of Plaintiffs should be joined as plaintiffs because they have interests as signatories to the purchase agreement, ownership interests in the property, and statutory dower rights.

Plaintiffs' response largely focuses on the proposition that "contract rights," rather than "property rights" are at issue in this case, and emphasize that their injury stems from the purchase agreement with Wal-Mart.  Plaintiffs argue that their spouses and the trust are not necessary parties under Rule 19(a)(1) because they could not impair or impede another person's ability to protect an interest in the purchase agreement.  *See* Rule 19(a)(1)(B)(i).  Plaintiffs further argue that their spouses and the trust are not necessary parties because their absence does not leave Plaintiffs open to incurring multiple or inconsistent obligations.  *See* Rule 19(a)(1)(B)(ii).

Notably, Plaintiffs do not address whether the absence of the parties that Defendant proposes

---

[1] Defendant also contends that complete relief cannot be accorded between the existing parties, *see* Rule 19(a)(1)(A), because if Plaintiffs are able to establish a constitutional violation, Plaintiffs would not be able to fulfill their obligation to deed the subject property to Defendant absent the consent of all the tenants in common.  However, Defendant does not explain why the finding of a constitutional violation would obligate Plaintiffs to deed the property to Defendant.

are necessary would leave Defendant open to incurring multiple or inconsistent obligations. Additionally, characterizing the issues in the case as based on "contract rights" rather than "property rights," as Plaintiffs suggest, does not affect the analysis, particularly given the fact that the Court has previously determined that Plaintiffs do not have a constitutionally-protected interest in the contract itself. *See* [Dkt. # 29]. Based on the fact that there is a substantial risk that Defendant could be subject to incurring multiple liabilities, the Court will grant Defendant's motion to require joinder of Gayle Loesel, Elaine Loesel, and Valerian Nowak as parties. Given the parties' representations that joinder is feasible, a proper basis for dismissal of the action does not exist at this time.

### III

Accordingly, it is **ORDERED** that Defendant's motion to require joinder of necessary plaintiffs or for dismissal if joinder is not feasible [Dkt. # 25] is **GRANTED**.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to **JOIN** Gayle Loesel, Elaine Loesel, and Valerian Nowak as plaintiffs on or before **May 4, 2009**. In the event that any of the three aforementioned individuals fail to join voluntarily as plaintiffs in the time afforded by this order, Plaintiffs shall serve the individuals as additional party defendants.

It is further **ORDERED** that the hearing scheduled for **April 22, 2009**, is **CANCELED**.

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: April 20, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2009.

          s/Tracy A. Jacobs
          TRACY A. JACOBS