UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD LOESEL, ARTHUR
LOESEL, GAYLE LOESEL,
ELAINE LOESEL, VALERIAN
NOWAK, VALERIAN NOWAK AND
ALICE B. NOWAK TRUST BY
VALERIAN NOWAK,

        Plaintiffs,

                                                Case Number 08-11131-BC

v.                                          Honorable Thomas L. Ludington

CITY OF FRANKENMUTH,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND
PLAINTIFFS' MOTION FOR RECONSIDERATION, GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION FOR NEW SCHEDULING ORDER AND
TO SET STATUS CONFERENCE, AND AMENDING CASE MANAGEMENT AND
SCHEDULING ORDER**

        Plaintiffs Ronald and Arthur Loesel filed a complaint [Dkt. # 1] against Defendant City of

Frankenmuth on March 17, 2008.  Plaintiffs' complaint alleged claims against Defendant based on

equal protection, due process, the Privilege and Immunities Clause of the Fourteenth Amendment,

and the Commerce Clause.  Generally, Plaintiffs' claims arose from Defendant's enactment of a

zoning ordinance that affected Plaintiffs' property, which Plaintiffs had entered into an arrangement

to sell to Wal-Mart.

        On March 27, 2009, the Court entered an order granting in part Defendant's motion for

summary judgment.  *See* [Dkt. # 29].  Based on that order, Plaintiffs continue to maintain only an

equal protection claim.  In that order, the Court determined that Plaintiffs' as applied due process

and equal protection claims, as opposed to facial due process and equal protection claims, were not

ripe and therefore not within the Court's jurisdiction.  The Court also determined that Defendant was entitled to summary judgment on Plaintiffs' due process claims because Plaintiffs could not establish a constitutionally-protected interest, on Plaintiffs' privilege and immunities clause claims because Plaintiffs did not identify a protected right, and on Plaintiffs' dormant commerce clause claims because Plaintiff could not demonstrate that the ordinance discriminated against interstate commerce or that the burdens on interstate commerce are clearly excessive in relation to the putative local benefits.

Now before the Court are both Plaintiffs' and Defendant's motions for reconsideration [Dkt. # 30, 31], filed on April 6, 2009.  In its motion, Defendant contends that there are palpable defects with respect to the Court's consideration of Plaintiffs' equal protection claim, and that Defendant is entitled to summary judgment on that claim.  In contrast, Plaintiffs contend in their motion that the Court's analysis of their dormant commerce clause claim is palpably flawed, and that Defendant is not entitled to summary judgment on that claim.  Each motion will be discussed separately below, but the Court will deny both motions.

I

Defendant raises what it considers to be four defects in the Court's analysis of Plaintiffs' equal protection claim.  First, Defendant contends that the Court should not have addressed Plaintiffs' equal protection claim on the merits because the Court determined that it was not ripe, and therefore the Court lacked subject matter jurisdiction.  Notably, however, the Court determined that Plaintiffs' as-applied claim was not ripe, but that a facial claim was ripe.  Thus, the Court will deny Defendant's motion on this ground.

Second, Defendant contends that the Court failed to accord deference to the City's decision

to enact the ordinance, as it contends is required by *Pearson v. Grand Blanc*, 961 F.2d 1211 (6th Cir. 1992). Defendant begins with the premise that, in its order, the Court found that "the size-cap limitation is a permissible zoning criterion and concerns justifying the ordinance are legitimate." Thus, Defendant contends that the ordinance cannot possibly violate Plaintiffs' equal protection rights. While the Court did generally state that size-cap limitations can be permissible zoning criteria, and that, in this case, the concerns that motivated the passage of the ordinance were legitimate, that does not necessarily mean that Defendant's size-cap limitations cannot violate Plaintiffs' equal protection rights. As addressed in the order, a zoning ordinance that is intentionally crafted to apply to but a subset of the landowners that the ordinance's purpose would justify raises a legitimate question about the equal application of the ordinance. An underinclusive ordinance may violate equal protection rights. On the record advanced prior to entry of the Court's order, it is not apparent that the challenged ordinance serves the legitimate interests sought to be advanced in a rational manner. Thus, the Court denied Defendant's motion for summary judgment and will deny Defendant's motion for reconsideration as to this issue.

Third, Defendant contends that the Court erred in determining that Plaintiffs can maintain a "class of one" equal protection claim because Bronner's and Kroger are not similarly situated to Plaintiffs in relevant, material aspects. Defendants contend that Plaintiffs are not similarly situated to Bronner's and Kroger because the stores sell different products than Wal-Mart and because the properties are zoned differently. Defendant has not explained how any differences between the products to be sold by Wal-Mart and those sold by either Bronner's or Kroger is relevant and material to the enactment of a size-cap and the equal protection analysis. Additionally, as the Court explained in its order, the fact that the properties are zoned differently and that the requirements and

-3-

goals of the different classifications are not identical does not mean that the properties cannot be similarly situated.  Defendant has not explained how any differences in requirements and goals are material to the analysis.  Thus, Defendant's motion will be denied on this ground.

Fourth, and finally, Defendant contends that Plaintiffs cannot maintain a "class of one" equal protection claim because there is no evidence that the planning commission or city council "acting as a group would have acted out of ill-will towards Wal-Mart."  Notably, for a "class of one" claim to succeed, a plaintiff need not demonstrate that "the challenged government action was motivated by animus or ill-will," if the plaintiff can "negativ[e] every conceivable basis which might support the government action."  *See Warren v. City of Athens*, 411 F.3d 697, 711 (6th Cir. 2005) (internal quotations omitted).  Defendant's motion for summary judgment did not demonstrate that Plaintiff could not negative every conceivable basis supporting the enactment of the ordinance.  On the record advanced, a rational basis for the application of the ordinance to certain property or zones and not to others was not apparent.  Thus, the Court denied Defendant's motion for summary judgment and Defendant's motion for reconsideration will be denied on this ground.

Based on the above, Defendant's motion for reconsideration will be denied in its entirety.

## II

Plaintiffs' motion for reconsideration contends that the Court's analysis of the dormant commerce clause claim was flawed because the Court ignored evidence concerning whether the ordinance has a discriminatory effect against out-of-state commerce and evidence that the burden imposed on interstate commerce is clearly excessive in relation to putative local benefits. Essentially, Plaintiffs contend that the Court ignored "a report commissioned by Frankenmuth's Economic Development Corporation ("ECD") by The Strategic Edge Company to conduct a market

study of economic development opportunities including the impact of the opening of a Wal-Mart or another Big Box retailer in the Frankenmuth area on the local business and local economy."

Plaintiffs contend that the report creates a jury question as to whether the ordinance has a discriminatory effect. However, Plaintiffs do not explain how the statute "favors in-state economic interests while burdening out-of-state interests," *E. Ky. Res. v. Fiscal Court of Magoffin County*, 127 F.3d 532, 543 (6th Cir. 1997) (internal citation omitted), when the size cap affects equally both in-state and out of state businesses that seek to operate in a building larger than 65,000 square feet. Moreover, Plaintiffs have not met the burden of proving that "the burdens placed on interstate commerce outweigh the benefits that accrue to intrastate commerce." *E. Ky. Res.*, 127 F.3d at 545 (internal citation omitted). While the report emphasized by Plaintiffs may suggest that a Wal-Mart located on Plaintiffs' property would financially benefit Defendant in certain ways, Plaintiffs do not explain how this demonstrates that "the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

Based on the above, Plaintiffs' motion for reconsideration will be denied.

III

Also before the Court is Plaintiffs' motion for a new scheduling order and to set status conference [Dkt. # 34]. Since entry of the Court's order granting in part Defendant's motion for summary judgment, additional Plaintiffs have joined the case, pursuant to the Court's order. Additionally, Plaintiffs emphasize that Defendant's motion for summary judgment was brought prior to the completion of discovery. Thus, Plaintiffs effectively seek adjournment of the remaining dates in the case management and scheduling order and additional time for discovery. Such relief is

justified and the Court will amend the case management and scheduling order to allow for an additional three months of discovery.  In light of the amendment, however, a justification for a status conference is not apparent, and the Court will deny that request.

IV

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration [Dkt. # 30] is **DENIED**, and that Plaintiffs' motion for reconsideration [Dkt. # 31] is **DENIED**.

It is further **ORDERED** that Plaintiffs' motion for new scheduling order and to set status conference [Dkt. # 34] is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that the case management and scheduling order is **AMENDED** as follows:

- Expert disclosures - Plaintiffs:                          June 26, 2009
- Expert disclosures - Defendant:                          July 24, 2009
- Discovery cutoff:                                        August 31, 2009
- Deadline for motions challenging experts:                October 2, 2009
- Dispositive motions:                                     October 2, 2009
- Pretrial disclosures:                                    December 18, 2009
- Deadline for motions in limine:                          January 5, 2010
- Joint final pre-trial order & draft joint jury instructions:  January 26, 2010
- Final pre-trial conference:                              February 4, 2010 at 3:30 p.m.
- Trial:                                                   February 16, 2010 at 8:30 a.m.

The balance of the case management and scheduling order remains in full force and effect.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 22, 2009

-6-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 22, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS