UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD LOESEL, ARTHUR
LOESEL, GAYLE LOESEL, ELAINE
LOESEL, VALERIAN NOWAK,
VALERIAN NOWAK AND ALICE
B. NOWAK TRUST BY VALERIAN
NOWAK,

        Plaintiffs,

v.

        Case Number 08-11131-BC
        Honorable Thomas L. Ludington

CITY OF FRANKENMUTH.,

        Defendant.
_____/

## ORDER AND OPINION GRANTING IN PART PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND ASSESSMENT OF INTEREST, ATTORNEY FEES, AND COSTS AND DENYING PLAINTIFFS' MOTION TO QUASH AS MOOT

Plaintiffs Ronald and Arthur Loesel filed a complaint against Defendant City of Frankenmuth on March 17, 2008. The Loesels are owners of a tract of land on the northern outskirts of Frankenmuth. On May 4, 2009, the Loesels filed an amended complaint [Dkt. # 33], joining as necessary plaintiffs the co-owners of the tract of land, including Gayle and Elaine Loesel, Valerian Nowak, and The Valerian Nowak and Alice B. Nowak Trust. Collectively, Plaintiffs entered into an option agreement with Wal-Mart for Wal-Mart to purchase their land for four-million dollars if it could lawfully build a store.

Defendant learned of the contract, became concerned about the impact that a Wal-Mart and other similar stores would have on Defendant, and eventually adopted a zoning ordinance ("the ordinance"), which appeared to preclude Wal-Mart from building a store that it sought to build on Plaintiffs' property. The ordinance placed a 65,000 square foot cap on the size of buildings that

could be built on property, including Plaintiffs', to which it applied. Wal-Mart later abandoned its application to build a store on Plaintiffs' property and the option contract with Plaintiffs. On March 4, 2010, a jury concluded that Plaintiffs proved that Defendant had violated their equal protection rights, and determined that Plaintiffs were entitled to recover $3.6 million in damages.

Now before the Court is Plaintiffs' motion for entry of judgment and assessment of interest, attorney fees, and costs [Dkt. # 96, Apr. 14, 2010]. On May 4, 2010, Defendant filed a response [Dkt. # 101] and Plaintiffs filed supplemental authority [Dkt. # 102]; on May 18, 2010, Plaintiffs filed a reply [Dkt. # 105]; and on May 20, 2010, Defendant filed a sur-reply [Dkt. # 108]. In addition, Plaintiffs filed a supplemental brief [Dkt. # 129] on August 17, 2010, which Defendant opposed in a response [Dkt. # 132] dated August 30, 2010.

Plaintiffs' motion was scheduled for hearing on July 8, 2010, but prior to the scheduled hearing, Defendant filed a motion for judgment or in the alternative for a new trial or remittitur [Dkt. # 110, June 14, 2010]. Plaintiffs filed a response [Dkt. # 120] on July 9, 2010; and Defendant filed a reply [Dkt. # 127] on August 16, 2010. The Court scheduled both pending motions for hearing on September 13, 2010, but directed the parties to provide supplemental briefing as to whether the Court should declare the challenged ordinance unconstitutional. Pursuant to the Court's order, Plaintiffs and Defendant filed supplemental briefs on September 1, 2010. *See* [Dkt. # 133, 134]. On September 27, 2010, the Court denied Defendant's motion for judgment, a new trial or remittitur, granted in part and denied in part Plaintiff's motion for entry of judgment and assessment of interest, attorney fees, and costs, and scheduled an evidentiary hearing to determine the rates and amounts of attorney fees to be awarded to Plaintiffs [Dkt. #135].

On October 28, 2010, Plaintiffs filed a motion to quash and/or modify Defendant's

subpoenas for testimony and attorney time and expense records [Dkt. #138], contending that the subpoenas required disclosure of privileged or other protected matter. On November 2, 2010, Defendant filed a response [Dkt. #139] and Plaintiffs filed a reply on November 9, 2010 [Dkt. #141]. The Court held a telephonic status conference on November 10, 2010. Counsel for Plaintiffs explained that redacted attorney time and expense records would be provided to counsel for Defendant. Upon receipt of the redacted attorney time and expense records, Defendants filed a supplemental brief [Dkt. #144], requesting additional disclosures regarding the attorney time and expense records of the topics researched the identity of the parties with whom there were discussions, other than the clients, and the topics discussed. Plaintiffs responded on December 6, 2010 that the information Defendant requests is confidential and privileged information that it is not entitled to review [Dkt. #145].

On December 22, 2010, the Court directed counsel for both parties to meet and confer on the remaining pending issues and for counsel for Plaintiff to provide a report to the Court on what was accomplished towards reaching an agreement on the attorney fee rate [Dkt. #147]. If no agreement was reached, the Court requested that the parties propose how the Court should resolve the attorney fee rate issue and any remaining unresolved issues concerning the attorney time and expense record redactions. Finally, the Court requested that the report include a description of any issues remaining that are necessary to resolve.

The attorney report was filed on January 12, 2011 [Dkt. #148]. The report indicated that the parties had resolved the issue concerning the attorney time and expense records, rendering Plaintiffs' motion to quash [Dkt. #138] moot. Plaintiffs and their counsel maintained their position that the records are protected by the attorney-client privilege and/or the work product doctrine, but agreed

to submit the unredacted version of the attorney time and expense records to Defendant in order to bring finality to the case. The report also provided that the attorney fee rate for Plaintiffs' counsel remains unresolved. The other unresolved issues are: the interest rates to be used in calculating the final judgment; whether a "lodestar" fee enhancement is warranted; the number of hours invested by Plaintiffs' counsel; Defendant's objections to Plaintiffs' counsels' attorney fee time and expense records; and the taxed costs from the Clerk not requested or docketed. Counsel for both parties notified the Court that it was not their preference to have an evidentiary hearing, but instead requested that the Court address the unresolved items based on the parties' papers.

## I. Interest

Plaintiffs request pre-judgment interest pursuant to 28 U.S.C. § 1961 but utilize the state statutory scheme under Mich. Comp. Laws § 600.6013(8) rather than the federal framework under 28 U.S.C. § 1961 for the calculations. Defendant correctly notes that the federal framework and rates should be used if pre-judgment interest is awarded. The legal authority Plaintiffs provide also does not justify an award of pre-filing interest. The parties will be directed to file a supplemental brief with their respective pre-judgment calculations for the Court's consideration.

## II. Fee Enhancement

Plaintiffs' request and justification for a fifty-percent fee enhancement and Defendant's response have been discussed at length in the Court's September 27, 2010 opinion and order [Dkt. #135 at 31-36]. Although the legal theory of the case is novel, the trial proofs were unremarkable and the "class of one" equal protection claim was not difficult or complex to litigate. Accordingly, this in not a case that presents "rare" and "exceptional" circumstances under which an award may be enhanced. *Perdue v. Kenny*, - - - U.S. - - -, 130 S. Ct. 1662, 1673 (2010).

### III. Attorney Fee Rate

Plaintiffs seek an hourly fee rates ranging from $200 for its associates and up to $400 for its senior partners. Plaintiffs acknowledge that the "relevant community" for purposes of § 1988 attorney fees is generally based on where the district court sits. Plaintiffs insist, however, that rates outside the district court's forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *See e.g.*, *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). As noted in the Court's September 27, 2010 order, Plaintiffs contend that they were unable to locate a lawyer or firm in the greater Saginaw area to represent them in their suit against Defendant. Plaintiffs assert that all of these hourly rates are well within the range, or substantially less, than the ordinary fees charged in by attorneys in the metropolitan Detroit area with similar skill, experience, and reputation as that of Plaintiffs' attorneys. *See* [Dkt. # 96-9]

In response, Defendant contends that Plaintiffs' counsel's hourly rates are well in excess of prevailing market rates for the Saginaw and Bay City areas, and that the rates "should be adjusted to reflect their experience or lack thereof in litigating zoning cases." Defendant also contends that the rate selected by the Court should be lowered because Plaintiffs' counsel lacks experience in litigating "zoning cases." Defendant insists that when an attorney voluntarily accepts a case outside of his or her home area, they are voluntarily subjecting themselves to the relevant rate in the out of town area, citing *Alcock-Ladd v. Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). Defendant does not address why there could not be an exception, as Plaintiffs suggest, to this general rule.

The billing records provided reflect counsel used the following rates: Attorney Kochanowski billed his time at $350 per hour; Attorney Szymanski bill his time at $300 per hour, and Attorney

Young billed his time at $150 per hour. Attorneys Szymanski and Young performed the majority of the work for Plaintiffs. Plaintiffs do not explain why the Court should conclude that the reasonable attorney fee rate should be higher than the rates actually billed, especially given the fact that the prevailing market rates for the Saginaw and Bay City areas is significantly lower. There is nothing in the record to suggest that Plaintiffs were, in fact, unable to find a lawyer or firm in the greater Saginaw area to represent them in their suit against Defendant. Considering the affidavits provided, counsel's experience and services provided, and the State Bar Survey a reasonable fee rate in this case is $240 per hour for the services provided by Attorney Kochanowski, $220 per hour for work performed by Attorney Szymanski and the other partners included in the billing statement, and $125 for the services provided by associates.

### IV.   Number of Hours Invested By Plaintiffs' Counsel and Defendant's Objections Due to Vagueness, "Lumping," and Disallowable Charges

Plaintiffs contend that the number of hours invested by their attorneys on the case is "reasonable." Plaintiffs' attorneys reportedly spent a total of 1,190.11 hours developing and presenting the case, equaling fees in the amount of $405,672.00. Plaintiffs again emphasize that their attorneys undertook significant discovery efforts, including thirty-one discovery subpoenas, FOIA requests, depositions of party and third-party witnesses, and review of many thousands of pages of documents, including zoning codes, the city charter, extensive records of e-mail correspondence among over twenty people, extensive Wal-Mart records, and the records of the DDA and EDC. Plaintiffs' counsel had to respond to Defendant's efforts to join other parties, invocation of privileges and immunity defenses, two motions for summary judgment, and a motion in limine. Additionally, the jury trial lasted seven days over a three-week period.

Defendant objected to Plaintiffs' counsels' billing records in its response brief filed February

17, 2011 [Dkt. #151]. Defendant contends that Plaintiffs' counsel has not maintained and submitted billing time records that are sufficiently detailed to enable the Court to review the reasonableness of the hours expended as required by *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983). More specifically, Defendant contends that the billing time records contain multiple vague and non-descriptive billing entries, demonstrate a practice of "lumping" multiple activities into a single time entry, include billing entries for time spent on claims that did not survive Defendant's motion for summary judgment or claims that were not pled, and billing entries for media contact. Defendant requests that the time for these entries be eliminated or substantially reduced.

The Court will sustain Defendant's specific objections regarding billing for claims that did not survive summary judgment, claims that were not pled, and issues—such as the motion for entry of judgment and the reply brief as well as the Rule 50/59 motion—on which an excessive amount of time was billed. Defendant's specific objections to the "lumped" billing entries will be sustained in part and reduced because Plaintiffs' counsel's billing records reflect a significant number of "block" billing entries, many of which are for entries of six to eight hours without adequate explanation. More specifically, the Court will reduce the entries Defendant has objected to that include claims that were not pled or did not survive summary judgment that are included in "lumped" entries that include time billed for recoverable items and the specific entries that Defendant contends include excessive amounts of time billed. The majority of the "lumped," "block," or non-descriptive billing entries to which Defendant provides specific objections will be eliminated. The media contact billing entries will also be eliminated. Defendant objections will be overruled as to its request that the Court review the billing entries for additional reduction or elimination of billing entries outside of Defendant's specific objections.

Accordingly, the billable entries will be reduced as follows: Attorney Kochanowski's entries will be reduced by 149 hours for a total of 455.6; Attorney Szymanski's entries will be reduced by 23 hours for a total of 228.25 hours; Attorney Harmon's entries will be reduced by 20 hours for a total of .4 hours; Attorney Owens's entries will be reduced by 34.2 hours for a total of 17.1 hours; Attorney Stoops entries will be reduced by 5.7 hours for a total of 2.7 hours; and Attorney Young's entries will be reduced by 149 hours for a total of 219.8 hours.

Defendant also requests an overall reduction of 25% of the amount the Court would otherwise award as a reasonable attorney fee because of the lumped and blocked billing entries to which Defendant did not make specific objections. The Court, however, finds it appropriate to sustain Defendant's specific objections regarding non-descriptive and excessive time entries. The Court's review of the billing records does not reflect that an additional 25% overall reduction is warranted. Based on the specific objections that have been sustained, the total attorney fee award is $190,361.50.

## V.     Taxed Costs

The Court's September 27, 2010 order outlined the necessary procedures for Plaintiffs to recover their taxed costs. The order stated that

> [n]otably, costs in this Court are taxed in accordance with Federal Rule of Civil Procedure 54(d)(1) and Eastern District of Michigan Local Rule 54.1. In addition, the Clerk's Office has provided guidance to attorneys through the Bill of Costs Handbook, available online . . . . Until the Clerk's Office has taxed costs, review by this Court is premature and Plaintiffs' motion will be denied in part as premature.

As of today's date, Plaintiffs have not submitted the proposed costs to the Clerk for taxing and Plaintiffs' motion will be denied as premature.

### VI. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's motion for entry of judgment and assessment of interest, attorney fees, and costs [Dkt. # 96] is **GRANTED IN PART AND DENIED IN PART**. Pursuant to 42 U.S.C. § 1988, this Court awards Plaintiffs, Ronald Loesel, Gayle Loesel, Arthur Loesel, Elaine Loesel, Valerian Nowak, and The Valerian Nowak and Alice B. Nowak Trust, attorneys fees in the amount of **$190,361.50**, against, and which shall be paid by, Defendant, City of Frankenmuth.

It is further **ORDERED** that the parties' are **DIRECTED** to file supplemental briefing, no longer than three pages, explaining the appropriate amount of pre-judgment interest pursuant to the rates under 28 U.S.C. § 1961. The parties' supplemental briefs are due on or before **August 6, 2012.**

It is further **ORDERED** that Plaintiffs' motion to quash [Dkt. #138] is **DENIED AS MOOT**.

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: July 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2012.

                                  s/Tracy A. Jacobs  
                                  TRACY A. JACOBS