UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD LOESEL; ARTHUR
LOESEL; GAYLE LOESEL;
ELAINE LOESEL; VALERIAN
NOWAK; and VALERIAN NOWAK &
ALICE B. NOWAK TRUST, by
VALERIAN NOWAK, Trustee,

   Plaintiffs,         Case No. 08-11131
                 Honorable Thomas L. Ludington

v.

CITY OF FRANKENMUTH,

   Defendant.
                /

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE, GRANTING PLAINTIFFS' FIRST MOTION IN LIMINE, AND DENYING PLAINTIFFS' SECOND MOTION IN LIMINE**

  Trial in this case is set to commence on March 11, 2014. Currently pending are four motions in limine: two filed by the City of Frankenmuth (the City); and two filed by Ronald Loesel, Arthur Loesel, Gayle Loesel, Elaine Loesel, Valerian Nowak, and Valerian Nowak and Alice B. Nowak Trust by Valerian Nowak (collectively, the Loesels). Upon review, the City's two motions will be denied, while the Loesels' first motion will be granted and their second motion will be denied.

**I**

  Under the Federal Rules of Evidence, relevant evidence is admissible at trial unless the United States Constitution, a federal statute, the Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Irrelevant evidence is not admissible. *Id*. Evidence is "relevant" if it tends to make a material fact more or less probable. Fed. R. Evid.

401. Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for the exclusion of evidence before trial, "[i]n general, federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion in limine is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial." *Corporate Commc'n Servs. of Dayton, LLC v. MCI Commc'n Servs., Inc.*, No. 3:08-CV-046, 2010 WL 1445169, at *1 (S.D. Ohio Apr. 12, 2010).

**II**

**A**

The City of Frankenmuth filed two motions in limine on February 10, 2014. The first is entitled "Defendant's Motion in Limine to Preclude Testimony and Evidence Relating to Alleged Animus Against Walmart." *See* Def.'s First Mot. 1, ECF No. 194. The brief supporting the motion is similarly labeled "Defendant's Brief in Support of Motion in Limine to Preclude Testimony and Evidence Relating to Alleged Animus Against Walmart." *Id*. at 7. The relief requested in the motion is as follows:

> [R]eferences, testimony and documents of direct opposition to the WalMart project and animus against Plaintiffs by innuendo must be precluded, including but not limited to:
>
> a. Any emails to and from Charlie Graham and other documents regarding the WalMart project, including but not limited to those admitted as Plaintiffs' Exhibits No. 10, 11, 13, 15.1, 15.2, 16, 22, 29, 30, 32, 37, 46, 48, 52, 54, 64, 66, 67, 68;

    b.      Any exhibits depicting businesses in the area to which the ordinance would not apply and are owned by alleged "favored" families such as Bronner's – Plaintiffs' Exhibit 4;

    c.      Any testimony about the Master Plan or plans mentioning "no big-box" stores;

    d.      Any testimony elicited from Charlie Graham, Tom Johnston and Rob LaBelle, Greg Rummel, Gary Ruprecht in relation to opposition to the WalMart project;

    e.      Survey and documents sent by citizens group to city council and planning commission about large box development – Plaintiffs' Exhibit No. 36 (not admitted at trial);

    f.      Any testimony relating to Greg Rummel's involvement with the citizens group opposing WalMart and exhibits of documents he received from the group including Plaintiffs' Exhibit No. 31, 72;

    g.      Any testimony by David Meyer about the ownership of parcels in the south end of town;

    h.      Any statement in opening argument or closing relating to opposition to the WalMart project by Johnston, Graham, Rummel and LaBelle as attributable to the City;

    i.      Any statement in opening argument or closing relating to the WalMart project allegedly creating envy, greed and resentment by City officials of the Loesels.

Def.'s First Mot. 5–6.

       Things get confusing when the City's second motion in limine is considered. That motion is entitled "Defendant's Motion in Limine to Preclude Testimony and Evidence Relating to Damages or Limiting the Testimony to Avoid Speculative Damages or a Windfall and Duplicative Recovery." Def.'s Second Mot. 1, ECF No. 195. The presumption, of course, is that this second motion in limine is different than the City's first motion. However, the brief supporting the City's second motion is entitled "Defendant's Brief in Support of Motion in Limine to Preclude any Evidence Relating to Alleged Animus Against Walmart and as Inferred

Against Plaintiffs." *Id.* at 9. Much the same as the brief supporting the first motion in limine. And any potential that this was a clerical error—say, that the wrong brief was attached by accident—is undermined by the fact that the relief requested in the second motion is identical, word-for-word, as the relief requested in the first. *See id.* at 6–8 (and compare with Def.'s First Mot. 5–6). So it appears that the City is seeking the same relief in two different motions.

Further cementing the point, in its first motion in limine the City explains that it "files this motion in limine to preclude testimony, exhibits and references in opening statements and closing argument or at any time during trial relating to the class-of-one animus theory." Def.'s First Mot. 12. The City supports its argument by referring to the Sixth Circuit's opinion in this case:

> Based on the opinion of the Court of Appeals for the Sixth Circuit in this case and its reliance on *Virtual Maintenance, Inc. v. Prime Computer, Inc.*, 11 F.3d 660, 667 (6th Cir. 1993) for remand of the case for a new trial, the only issue for the new trial is whether the City can demonstrate a legitimate interest in enacting its ordinance.

*Id.* According to the City, its second motion in limine is presented for the same reasons:

> Defendant files this motion in limine to preclude testimony, exhibits and references in opening statements and closing argument relating to the animus theory. Based on the opinion of the Court of Appeals for the Sixth Circuit in this case and its reliance on *Virtual Maintenance, Inc. v. Prime Computer Inc.*, 11 F.3d 660, 667 (6th Cir. 1993) for remand of the case for a new trial, the only issue for the new trial is the "no-conceivable basis theory" for proving a violation of Plaintiffs' Equal Protection rights.

Def.'s Second Mot. 14.

But the City's argument, as presented in both motions, is without merit. On September 13, 2012, the City filed a motion for judgment on the animus theory of liability asserting the same points: "since the Court of Appeals in this case found that based on the evidence presented, the animus theory was not properly submitted to the jury, judgment as a matter of law on that

theory is warranted at this time." Def.'s Mot. J. 6 (citing *Virtual Maintenance*, 11 F.3d at 667), ECF No. 172.  In addressing the argument in the first instance, this Court concluded that "the Sixth Circuit did not limit the scope of the new trial, as is its prerogative[,]" and that although the Court of Appeals "determined that the Loesels did not present a jury-submissable question on the animus theory of liability at the first trial, the Sixth Circuit did not exclude that issue from consideration at the second trial."  Aug. 29, 2013 Op. & Order 4, 5, ECF No. 187.  Accordingly, the City's motion for judgment on the animus theory was denied, and the Court determined that the Loesels deserved the opportunity to explore the animus theory "during the new trial."  *Id*. at 5.

The City appealed that ruling, but the Sixth Circuit denied the request for a writ of mandamus, establishing that "[t]he scope of this court's mandate in *Loesel* is broad; the case was remanded for a new trial *without any limitations*."  Order 3, *In re City of Frankenmuth*, No. 13-2185 (6th Cir. Nov. 25, 2013) (emphasis added), ECF No. 190.  It follows that the second trial is not limited to the "no-conceivable basis theory" as the City asserts in its motions in limine.[1]

Moreover, even if evidence concerning the animus theory of liability were properly excluded, the email correspondence concerning WalMart is potentially relevant to the "no-conceivable basis theory" of liability.

Under a class of one equal protection theory, a plaintiff "must prove that the government's actions lacked any rational basis."  *Ziss Bros. Const. Co., Inc. v. City of Independence, Ohio*, 439 F. App'x 467, 475 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 2006)).  In the context of

---

[1] The Sixth Circuit did make clear, however, that under the animus or ill-will theory at the second trial, "evidence showing that certain City officials . . . strongly opposed having a Wal-Mart supercenter in Frankenmuth" would not suffice, and that "the animus ha[s] to be directed against the Loesels to be relevant to their claim."  *Loesel v. City of Frankenmuth*, 692 F.3d 452, 467 (6th Cir. 2012) (citation omitted).

a challenge to legislative enactments, this can be done by "negativ[ing] every conceivable basis which might support" the legislative enactment at issue. *See American Exp. Travel Related Servs. Co., Inc. v. Kentucky*, 641 F.3d 685, 690 (6th Cir. 2011) (citation omitted).

Importantly, the City need not produce evidence to sustain its conduct. *See Ziss Bros.*, 439 F. App'x at 476. However, at this juncture, the Court cannot preclude at least the possibility that the Loesel's may advance a theory that involves the evidence of anti-WalMart sentiment—contained in numerous emails from City officials discussing the proposed zoning ordinance—to demonstrate that there was no rational basis for the ordinance the City eventually passed. Indeed, it is not inconceivable that the City might rely on some of the evidence to establish that there was a rational basis for the ordinance—the exclusion of a proposed WalMart facility.[2] It is simply too early to anticipate the way counsel for the Loesels or the City will frame their trial arguments. As a result, the City's two motions in limine will be denied; evidence concerning the City's potential animus toward WalMart will not be excluded at this point.[3]

**B**

Like the City, the Loesels filed two motions in limine on February 10, 2014—although their motions address two distinct issues as opposed to just one. Upon review, the Loesels' first motion will be granted and its second motion will be denied.

**1**

The Loesels' first motion in limine requests that the Court exclude from trial "any property valuation reports, evidence, and testimony from Kevin A. Kernen[4] and his firm, Stout,

---

[2] This is not to say that such a theory would necessarily pass constitutional muster.

[3] Though the Court wishes to emphasize that evidence of anti-WalMart sentiment is not relevant to the animus theory of liability. *See Loesel*, 692 F.3d at 467.

[4] For simplicity's sake, the Court will refer to this witness as "Mr. Kernen." Although spelled "en" on page 1 of the Loesels' first motion in limine, on page 7 of their motion they spell the name "Kern*an*." Pls.' First Mot. 7 (emphasis

Risius, Ross . . . ." Pls.' First Mot. 1, ECF No. 196. The Loesels explain the situation succinctly in their motion:

> On September 13, 2012, [the City] moved to amend its trial witness list to add a property valuation expert for the impending re-trial. During the pendency of that motion, [the City] disclosed the identity of its proposed valuation expert . . . as Mr. Kevin A. Kernan, the managing director of the financial advisory firm of Stout, Risius, Ross, Inc. [The City] also disclosed Mr. Kernan's purported Appraisal report. On August 29, 2013, this Court entered its Opinion and Order denying [the City's] motion to amend its trial witness list.
>
> In outright defiance of this Court's August 29, 2013 Order, [the City] filed its Pretrial Disclosures on January 13, 2014, listing Kevin A. Kernen as a witness and listing his Curriculum Vitae and his Appraisal Report as exhibits.

*Id.* at 7 (citations omitted).

In its response to the Loesels' first motion in limine, the City acknowledges as much: "[The City] concedes that this court denied its motion to amend witness list to name Kevin A. Kernanen as a witness in its Order of August 29, 2013. [The City] further concedes that Kevin A. Kernanen was listed in Defendant's Pretrial Disclosures on January 13, 2014." Def.'s First Resp. 3, ECF No. 198.

Indeed, on August 29, 2013, this Court established that "there is no need for additional experts" concerning damages in this case and suggested a "damages calculation for trial," addressing primarily the City's concerns. *See* Aug. 29, 2013 Op. & Order 7, 8. Specifically, the Court introduced a formula for assessing damages in the event that a jury finds in the Loesels' favor:

> If the jury concludes that the City's conduct violated the Loesels' equal protection rights under the Fourteenth Amendment, the City's ordinance will be deemed unconstitutional. Under such circumstances, a judgment for $4 million could be entered in favor of the Loesels (the amount Wal–Mart was willing to pay in 2005), and the City would then be awarded the Loesels' 37-acre property. This

---

added). In its response, the City indicates that its proposed witness's name is "Kevin A. Kernanen." Def.'s First Resp. 3, ECF No. 198. Of course, in the City's pretrial disclosures, the name is "Kevin A. Kernen." *See* Def.'s Pretrial Discl. 2, ECF No. 193. So, without question, the exact spelling is unclear.

> way, there will be no danger of a windfall—regardless of the land's value—and time-consuming testimony concerning damage calculations will be unnecessary.
>
> This method for assessing damages aligns with the City's valuation of the Loesels' property. The City indicates that the "amount the Loesels would have received from Wal-Mart had the ordinance never been enacted minus the property's value unencumbered by the zoning ordinance results in damages of $0." Accordingly, it is clear that the City believes the value of the Loesels' property, unencumbered, is $4 million. So, pursuant to the Court's suggested damages calculus, the City would receive the property for what it believes is the land's fair market value. . . . Thus, there is no need for additional experts . . . .

*Id.* at 7–8. Neither the City nor the Loesels raised any objections to this proposed damages calculation. Thus, at this point, the Court continues to believe that expert testimony concerning the value of the Loesels' property is unnecessary.

So the Loesels' first motion in limine will be granted. The City will be precluded from utilizing Mr. Kernen (or Mr. Kernan or Mr. Kernanen) as a witness at trial. The City will also be precluded from utilizing testimony of any other member of Mr. Kernen's firm, Stout, Risius, Ross, Inc.

**2**

The Loesels' second motion in limine seeks to exclude any opinion testimony from Larry Nix. *See* Pls.' Second Mot. 1, ECF No. 197. The Loesels argue that they anticipate the City "will try at trial to question a fact witness, Larry Nix, in the capacity of an expert witness concerning the onstensible reasons behind the adoption of the ordinance in question in this lawsuit." *Id.* at 7. The Loesels support their argument that Larry Nix should be barred from offering opinion testimony by indicating that there has been no "submission of an expert report" under Federal Rule of Civil Procedure 26(a). *See id.* ("This type of questioning and testimony must be barred . . . without the submission of an expert report.").

But as the City correctly points out, the very same arguments were presented during the first trial and dismissed by the Court. *See* Trial Tr. vol. IV, at 76–78, ECF No. 161. Also during that first trial, the Loesels offered, and the Court received, Mr. Nix's opinions as contained in a memorandum relating to the City's proposed zoning amendment. *See* Pls.' Notice Exs. Ex. 15, ECF No. 156.

And although the Loesels indicate that no expert opinion has been provided, assuming Mr. Nix's memorandum does not suffice, the lack of a true report is harmless. The Loesels had in their possession, and offered as an exhibit during the first trial, Mr. Nix's memorandum in which he expresses his opinion that the zoning amendment will correspond with the City's goal of "creating and maintaining [its] small town character." *See id.* at 1. So the Loesels have had ample notice of the potential for Mr. Nix to offer this opinion.

However, while the Loesels' second motion in limine will be denied, the Court wishes to emphasize that Mr. Nix will receive far less latitude if he attempts to offer opinions that are *not* contained in his November 21, 2005 memorandum. Moreover, this ruling does not foreclose the opportunity for objection and argument at trial, when the relevance and admissibility of such testimony may be better assessed in the context of trial. *See MCI Communications*, 2010 WL 1445169, at *1 (explaining that if a moving party does not satisfy its burden "of showing that the evidence in question is clearly inadmissible . . . evidentiary rulings should be deferred and resolved in the context of trial.").

### III

Accordingly, it is **ORDERED** that the City's motions in limine, ECF Nos. 194 and 195, are **DENIED**.

It is further **ORDERED** that the Loesel's first motion in limine, ECF No. 196, is **GRANTED**.

It is further **ORDERED** that the Loesel's second motion in limine, ECF No. 197, is **DENIED**.

Dated: March 5, 2014                      s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2014
                 s/Tracy A. Jacobs
                 TRACY A. JACOBS